UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:12-CV-00125-H

TINA MARIE MARTIN                                                                                          PLAINTIFF

V.

CANDLE QUEEN CANDLES, LLC,                                                              DEFENDANTS
STACY L. MCCOWEN, and JOHN DOES,
1-99

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Tina Marie Martin, claims that Defendants violated federal copyright law by commissioning a mural resembling her original creative work. Defendants have moved to dismiss for lack of personal jurisdiction. Plaintiff counters this motion by arguing that Defendants' sales representatives and website have made them susceptible to the personal jurisdiction of this Court. For the reasons that follow, the Court concludes that Plaintiff cannot establish sufficient grounds for personal jurisdiction over Defendants in Kentucky.

**I.**

From June 2009 to November 2010, Plaintiff worked for Candle Queen Candles, LLC ("Candle Queen") and its owner, Stacy McCowen, as a retail sales manager, general salesperson, and part-time buyer. Candle Queen operates a small storefront in Leavenworth, Kansas and specializes in the sale of candles and craft merchandise. The company also utilizes sales representatives and an interactive website that permits customers to purchase products online. However, Kansas serves as the sole state of citizenship for Candle Queen and McCowen.

During her employment, Plaintiff sold her original artwork on consignment in the Leavenworth store. In July 2010, McCowen bought one of Plaintiff's pieces entitled "Flower

Burst." Flower Burst is a "glued window," which consists of remnant pieces of glass attached to a window by an epoxy to form a flower design. After this transaction, Plaintiff relocated to Kentucky, where she became a citizen. Plaintiff then obtained a copyright for Flower Burst that went into effect on November 10, 2011.

In February 2011, McCowen had a flower mural painted on the exterior sidewall of the Leavenworth store. She later posted images of this mural on Candle Queen's Facebook business page. Plaintiff alleges that this mural was an unauthorized reproduction of Flower Burst in violation of federal copyright law. Plaintiff filed this lawsuit in the Western District of Kentucky, basing subject-matter jurisdiction on diversity of citizenship and federal question.[1]

Defendants have moved to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). In opposition, Plaintiff asserts that Defendants are amenable to both the general and specific personal jurisdiction of this Court as a result of their sales representatives and actions on the Internet.

## II.

"The plaintiff bears the burden of establishing that jurisdiction exists." *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). As no evidentiary hearing has occurred, Plaintiff need only make a prima facie showing of personal jurisdiction to defeat the motion to dismiss. *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1272 (6th Cir. 1998). The supporting

---

[1] To support subject-matter jurisdiction, Plaintiff cites 28 U.S.C. §§ 1331, 1332, and 1338, as well as 17 U.S.C. § 101 *et seq.* Defendants have not contested this issue.

pleadings and affidavits must be considered in a light most favorable to Plaintiff, while Defendant's controverting assertions can carry no weight. *Id.*

The exercise of personal jurisdiction must satisfy a two-step inquiry: "(1) whether the law of the state in which the district court sits authorizes jurisdiction, and (2) whether the exercise of jurisdiction comports with the Due Process Clause." *Brunner v. Hampson*, 441 F.3d 457, 463 (6th Cir. 2006); *see Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 954 F.2d 1174, 1176 (6th Cir. 1992). When analyzing personal jurisdiction over nonresidents, Kentucky courts first review whether the conduct and activities at issue fall within the nine specific categories of the state's long-arm statute, KRS 454.210. *Caesars Riverboat Casino, LLC v. Beach*, 336 S.W.3d 51, 57 (Ky. 2011). But here, as Plaintiff's proposed exercise of personal jurisdiction would violate due process, the Court will proceed to that issue.

### III.

To satisfy the requirements of due process, Plaintiff must show that Defendant, while not physically present, maintained "certain minimum contacts" with Kentucky such that the exercise of jurisdiction would not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). "There are two kinds of personal jurisdiction within the Federal Due Process inquiry: (1) general personal jurisdiction, where the suit does not arise from [the] defendant's contacts with the forum state; and (2) specific jurisdiction, where the suit does arise from the defendant's contacts with the forum state." *Conn v. Zakharov*, 667 F.3d 705, 712-13 (6th Cir. 2012). Here, Plaintiff argues that both general and specific personal jurisdiction allow for the maintenance of this lawsuit in Kentucky.

3

**A.**

General personal jurisdiction demands that Defendants' contacts with Kentucky be of such a "continuous and systematic" nature as to permit the state to assert jurisdiction over a legal action unrelated to those contacts. *Bird v. Parsons*, 289 F.3d 865, 873 (6th Cir. 2002) (citing *Third Nat'l Bank v. WEDGE Group, Inc.*, 882 F.2d 1087, 1089 (6th Cir. 1989)). The Supreme Court has declined to announce an explicit test for determining whether contacts are "continuous and systematic." *Conn*, 667 F.3d at 713. However, it is well understood that "continuous and systematic" is a high bar to reach. Defendants contacts must "render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011).

Plaintiff advances two grounds in support of general jurisdiction. She says that Defendants retained an unspecified number of sales representatives in Kentucky, who primarily targeted Kentucky residents in and around Ft. Campbell and Ft. Knox. Plaintiff also claims that Defendants' interactive website targets Kentucky residents by allowing them to complete online sales transactions.

While there is evidence of some relationship with Kentucky, the preceding factors alone do not constitute "continuous and systematic" contacts. First, Plaintiff's personal affidavit and supplementary exhibits reference only two Kentucky sales representatives. One of these sales representative is a business located in Clarksville, Tennessee and is merely advertised as serving the Ft. Campbell area. Plaintiff provided no address for the second representative, Donna Huffman, but the Court will assume that she is located in Kentucky for the purposes of this motion. Even so, Plaintiff admits that these sales representatives may no longer operate in

Kentucky, yet she contends that such a circumstance could only have recently arisen.

Second, Defendants' maintenance of an interactive website, which is accessible to anyone over the Internet, cannot establish an independent justification for exercising general jurisdiction. *Bird*, 289 F.3d at 874. Defendants' website does not prefer transactions with Kentucky residents over transactions with the residents of other states. Also, it is significant that through the website Kentucky residents must initiate contact with Defendants. *See Id.*

Though Plaintiff analogizes her case to *Michigan National Bank v. Quality Dinette, Inc.*, 888 F.2d 462 (6th Cir. 1989), that case does not control the result here. There, the Sixth Circuit sanctioned the use of general jurisdiction where a company retained an independent sales representative, conducted mail order solicitations, and made significant and consistent sales. *Id.* at 466. As previously stated, the website is a passive method of doing business, while mail order solicitation is an active and aggressive approach. Additionally, based on the small size of Defendants' business and the sparse distribution of sales representatives, it is unlikely that significant and continuous sales occurred in Kentucky. Weighing both the sales representative and the website together, the circuit concludes that Defendants' contacts with Kentucky are not "continuous and systematic" as to authorize general personal jurisdiction.

**B.**

Plaintiff's secondary argument is that the "effects doctrine" permits this Court to exercise specific personal jurisdiction. Under the "effects test," promulgated in *Calder v. Jones*, 465 U.S. 783, 788-89 (1984), "personal jurisdiction exist where an individual purposefully directs activities towards the forum state with the intent to cause harm there." *Scotts Co. v. Aventis S.A.*, 145 F. App'x 109, 113 (6th Cir. 2005). The "effects test" demands that the forum state be the

"focal point" of the activity and the harm. *Calder*, 465 U.S. at 788-89. The fact that Defendants might have foreseen that Plaintiff would be harmed in Kentucky is not enough to create personal jurisdiction. *Reynolds v. Int'l Amateur Athletic Fed'n*, 23 F.3d 1110, 1120 (6th Cir. 1994).

Here, Plaintiff argues that Defendants directed intentional tortious conduct toward Kentucky by posting images of the alleged infringing mural on their Facebook business page. However, in the absence of some targeted conduct or fact, posting an image on the Internet cannot be interpreted as purposefully directing an intentional tort toward Kentucky. The principal act of the alleged copyright infringement took place in Kansas, and its subsequent Internet presence was neither exaggerated in nor exclusive to Kentucky. Aside from the fact that Plaintiff is a Kentucky resident, this forum bore no relationship to Defendants' act. Accordingly, specific jurisdiction cannot be conferred through the "effects doctrine."

In sum, Plaintiff has failed to establish the necessary "minimum contacts" for a prima facie showing of either general or specific personal jurisdiction. Consequently, the Court concludes that this lawsuit cannot be pursued in the Western District of Kentucky.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendants' motion to dismiss is SUSTAINED, and Plaintiff's claims are DISMISSED WITHOUT PREJUDICE.

cc:     Counsel of Record